[No. 9444-1-I.  Division One.  May 5, 1982.]

NORTHWEST LAND AND INVESTMENT, INC., *Appellant,* v. THE CITY OF BELLINGHAM, *Respondent.*

*Gregory Kosanke* and *Timothy W. Carpenter,* for appellant.

*Patrick L. Brock, City Attorney, Andrew Olsen, Assistant,* and *Philip Sharpe, Jr.,* for respondent.

CORBETT, J.—Plaintiff appeals from a summary judgment of dismissal.

In July 1976, the preliminary plat of Edgemont Heights, Division No. 2, was approved by the City Council of Bellingham, subject to a number of conditions to be met before final plat approval. Due to unforeseen difficulties that required redesign of the plat, the developer was granted two extensions of time to modify the plat design and file for final plat approval. At about the time of the second extension, plaintiff purchased the property and thereafter submitted a revised final plat design. The Technical Review Committee studied the design and recommended that three additional conditions be adopted before the City Council granted final approval. Plaintiff objected to these additional conditions, primarily to the condition requiring improvement of two public roads abutting the plat. Plaintiff advised the City that it would comply with the conditions, but it reserved the right to bring suit. The City Council considered plaintiff's objections, and adopted the conditions in June 1978. Final plat approval was given by the City Council on August 14, 1978.

Plaintiff commenced this action for damages in January 1980. The City moved for summary judgment, asserting failure to bring the action within the 30 days limited by RCW 58.17.180,[1] and failure to exhaust the remedies available in the state subdivision act, RCW 58.17.

Plaintiff contends that its remedy is not limited to a writ

[1]RCW 58.17.180 reads:

"Review of decision. Any decision approving or disapproving any plat shall be reviewable for unlawful, arbitrary, capricious or corrupt action or nonaction by writ of review before the superior court of the county in which such matter is pending. The action may be brought by any property owner in the city, town or county having jurisdiction, who deems himself aggrieved thereby: *Provided,* That application for a writ of review shall be made to the court within thirty days from any decision so to be reviewed. The cost of transcription of all records ordered certified by the court for such review shall be borne by the appellant."

of review under RCW 58.17. Plaintiff claims that the decision to impose additional conditions is a basis for damages in tort; however, the nature of the tort is not identified in the pleadings, affidavits or argument before this court. If the City's decision can be characterized as a discretionary governmental act, it cannot form the basis for tort liability. *Evangelical United Brethren Church v. State,* 67 Wn.2d 246, 252, 407 P.2d 440 (1965); *King v. Seattle,* 84 Wn.2d 239, 245, 525 P.2d 228 (1974). The test to determine whether the City's act was discretionary and thereby immune is to consider the following questions:

> (1) Does the challenged act, omission, or decision necessarily involve a basic governmental policy, program, or objective? (2) Is the questioned act, omission, or decision essential to the realization or accomplishment of that policy, program, or objective as opposed to one which would not change the course or direction of the policy, program, or objective? (3) Does the act, omission, or decision require the exercise of basic policy evaluation, judgment, and expertise on the part of the governmental agency involved? (4) Does the governmental agency involved possess the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission, or decision?

*Evangelical United Brethren Church v. State, supra* at 255. If these questions can be answered in the affirmative, then the challenged act can be classified as nontortious. If the answers are negative, however, further inquiry would be indicated. Although we answer these questions in the affirmative, it is not necessary to rely upon discretionary immunity to support the conclusion of the trial court.

█ In order to constitute an actionable tort, the City's conduct must be the proximate cause of the injury. The proximate cause of plaintiff's loss was its decision to comply with the conditions and not seek review. Assuming, for argument only, that the council's decision was arbitrary and capricious, such action cannot be the basis for liability in tort when the party suffering the loss fails to pursue available remedies. *Rosen v. Tacoma,* 24 Wn. App. 735, 741, 603

P.2d 846 (1979). Even remedies thought to be unavailing must be pursued:

> Municipal liability [for tort] should not be premised on the independent unsubstantiated decision of a plaintiff that it would be unavailing to seek a possible administrative remedy accorded him under the law. If this were not so, the plaintiff would be able to create liability in another by his own independent judgment.

*King v. Seattle, supra* at 251. The plaintiff's intentional refusal to exercise its right of review, pursuant to RCW 58.17.180, precludes it from subjecting the City to liability in tort.

By reason of our holding that the loss of the plaintiff was not proximately caused by the City, we do not reach the question of whether or not offsite improvements as a condition to plat approval can be lawfully required.

Affirmed.

ANDERSEN, C.J., and RINGOLD, J., concur.