[No. 8334–1–I. Division One. August 23, 1982.]

DELROY K. LECHELT, ET AL, *Respondents,* v. THE
CITY OF SEATTLE, *Defendant,* KING COUNTY,
ET AL, *Appellants.*

*Norm Maleng, Prosecuting Attorney,* and *Darrell Syferd, Deputy,* for appellants.

*Harris, Vertrees & Boyce* and *John C. Vertrees,* for respondents.

CALLOW, J.—King County appeals from an order of summary judgment precluding it from requiring that adequate access be furnished prior to the subdivision of property situated in southeast King County. The property in question comprises 200 acres of land acquired by the respondents Lechelt between 1966 and 1967. Access to the property is furnished by a county road which runs in part through the city of Seattle's Cedar River Watershed. The City generally prohibits public use of watershed property and excludes access to that property, although it has not acted to close the county road at issue in this case. In July 1967, the City and County signed an agreement calling for the replacement of the existing road with a new one which would run outside the watershed. Enabling legislation was passed by both municipalities and funds appropriated for planning and engineering purposes.

In October 1967, the Lechelts sought County approval to subdivide their property. Preliminary plat approval was obtained for "The Noble Woods of Halmar" subject to the notation that the existing road would not be maintained by the County and that no current plans existed to construct the proposed new road. The 1967 plat was allowed to lapse. Reapplication was made and granted in 1971, again conditioned upon construction of the new access road. This preliminary plat approval expired in 1973, and the Lechelts reapplied later that year. The King County zoning and subdivision examiner issued findings noting that the existing access road could not safely accommodate the increased traffic caused by the development and recommended that the plat be approved only after completion of the new access road.

The property owners, the Lechelts, appealed the exami-

ner's recommendation to the King County Council which, after a hearing, found that the Lechelts had sold certain lots despite the lack of final plat approval and contrary to RCW 58.17.200. The council approved the preliminary plat on October 9, 1973, on the condition that no further development would be permitted until improved access was provided to the property. No appeal of this determination was made, nor did the Lechelts ever request final plat approval. The preliminary plat expired on October 9, 1975. The City and County have postponed their plan to proceed with the proposed road construction, due to funding and site acquisition problems.

The Lechelts brought this action in 1978 to compel the County to construct the new access road, maintain the current road, and approve the subdivision plat without access conditions. Money damages were requested as well. Upon the County and City's motion for summary judgment, and Lechelts' oral motion for summary judgment made at the time of hearing, the trial court dismissed that portion of the property owners' complaint seeking to compel construction of the new access road, but granted summary judgment to the Lechelts on the issue of plat approval, requiring the County to approve without condition any plat submitted by the respondents. The County appeals the granting of summary judgment to the Lechelts.[1] The trial court entered extensive findings of fact when it granted summary judgment; such findings are superfluous to summary judgment proceedings and will be disregarded on appeal. *Duckworth v. Bonney Lk.,* 91 Wn.2d 19, 586 P.2d 860 (1978); *Fisher v. Clem,* 25 Wn. App. 303, 607 P.2d 326 (1980).

The County contends that the property owners did not

---

[1]Although not appealed, the trial court's dismissal of that portion of the complaint seeking to compel construction of the proposed road was correct. *See Burg v. Seattle,* 32 Wn. App. 286, 292–93, 647 P.2d 517 (1982), which stated that "decisions regarding the appropriation and expenditure of public funds are legislative questions." *See also State ex rel. Clark v. Seattle,* 137 Wash. 455, 242 P. 966 (1926).

have standing to bring suit due to their failure to pursue their administrative remedies.

RCW 58.17.180 provides:

> Any decision approving or disapproving any plat shall be reviewable for unlawful, arbitrary, capricious or corrupt action or nonaction by writ of review before the superior court of the county in which such matter is pending. The action may be brought by any property owner in the city, town or county having jurisdiction, who deems himself aggrieved thereby: *Provided,* That application for a writ of review shall be made to the court *within thirty days from any decision so to be reviewed.* The cost of transcription of all records ordered certified by the court for such review shall be borne by the appellant.

(Italics ours.)

 The Lechelts did not timely pursue their statutory right of review and, further, permitted the preliminary plat to lapse in 1975. The Lechelts are entitled to unconditional plat approval only by demonstrating on appeal to the superior court that the county council's decision was unfounded and improper. *Dunstan v. Seattle,* 24 Wn. App. 265, 600 P.2d 674 (1979). RCW 58.17.180 limits the timeliness of such review, and even arbitrary and capricious municipal action cannot be the basis for relief when the aggrieved party has failed to exhaust all administrative remedies. *King v. Seattle,* 84 Wn.2d 239, 525 P.2d 228 (1974); *Rosen v. Tacoma,* 24 Wn. App. 735, 603 P.2d 846 (1979). The action brought in 1978 seeking construction of the new roadway or unconditional approval of the plat cannot be based upon the action of the county council in 1973 or before, and the trial court could not consider the appeal on these grounds. *Deschenes v. King Cy.,* 83 Wn.2d 714, 521 P.2d 1181 (1974).

The owners contend that they elected not to appeal out of reliance upon the 1967 agreement to alter and upgrade the road, and that under those circumstances there was no duty to exhaust administrative remedies. The record, however, demonstrates that construction of the proposed road,

or continued maintenance of the existing road, has never been assured. Even remedies thought to be unavailing must be pursued. *Northwest Land & Inv., Inc. v. Bellingham,* 31 Wn. App. 742, 644 P.2d 740 (1982). *See also King v. Seattle, supra* (respondent's intentional refusal to seek timely review cannot create later municipal liability in tort).

Additionally, the order of the trial court providing that, upon receipt of the owners' request for plat approval, "said County shall neither consider in connection with final plat approval any condition relating to the proposed new and alternate access road," is premature. No current request for plat approval was pending at the time the lawsuit was filed nor has the County been afforded an opportunity to review a new plat application.

The approval of plats may be granted only after consideration of the public use and interest proposed to be served by the subdivision, and conditions may be imposed before the plat is approved to insure that the public interest is served. RCW 58.17.110. Agencies reviewing plat applications must consider the adequacy of access to and within the proposed subdivision, and may condition approval of the plat upon the provision of adequate access. *See* 4 R. Anderson, *Zoning* §§ 23.33–.35 (2d ed. 1977). The decision to grant, deny, or impose conditions upon a proposed plat is administrative, or quasi–judicial, in nature. Appellate review is limited to determining whether the decision satisfies constitutional requirements and is not arbitrary and capricious. *Norco Constr., Inc. v. King Cy.,* 29 Wn. App. 179, 627 P.2d 988 (1981); *Pentagram Corp. v. Seattle,* 28 Wn. App. 219, 622 P.2d 892 (1981).

The order of the court closely resembles declaratory and injunctive relief. The elements necessary to invoke declaratory relief include: (1) an actual, present, and existing dispute, as compared to a possible, speculative or moot disagreement; (2) parties having genuine and opposing interests which are direct and substantial rather than potential or abstract; and (3) a judicial determination

which will be final and conclusive. *Ronken v. Board of Cy. Comm'rs,* 89 Wn.2d 304, 572 P.2d 1 (1977).

Here the property owners are seeking renewal of their request for plat approval without conditions relating to access. By failing to timely appeal the conditions placed upon prior plats, the earlier controversies became moot after preliminary approval expired. The record reveals no actual, present and existing dispute since there is no pending or completed administrative action, nor is there a showing that bringing such an action would be useless. The owners thus lack standing to maintain an action for declaratory and injunctive relief since they have failed to pursue and exhaust their administrative remedies. *Ackerley Communications, Inc. v. Seattle,* 92 Wn.2d 905, 602 P.2d 1177 (1979).

The order of summary judgment is reversed and the cause remanded with instructions to dismiss this portion of the property owners' complaint.

DURHAM, A.C.J., and WILLIAMS, J., concur.

Reconsideration denied January 31, 1983.

Review denied by Supreme Court March 11, 1983.