[No. 12545-9-III. Division Three. December 14, 1993.]

HERSCHEL SPARKS, ET AL, *Appellants,* v. DOUGLAS COUNTY, ET AL, *Respondents.*

---

56

*James R. Graettinger,* for appellants.

*Judith L. McCauley, Prosecuting Attorney,* for respondents.

THOMPSON, C.J. — Herschel and Elizabeth Sparks appeal a superior court judgment upholding the Douglas County Commissioners' conditional approval of their short plat applications. They contend the requirement that they dedicate strips of land abutting existing roads for future right of way use is arbitrary and capricious and constitutes a taking without compensation. We reverse.

The unchallenged findings state that the Sparkses filed four short plat applications with the Douglas County Planning Office on March 29, 1990. Short plats 2 and 3 adjoin and each contains four lots. The eight lots total 18.24 acres. Plats 4 and 5 also adjoin and contains four lots each. Their total acreage is 11.78 acres. The zone in which the plats are located permits development of either a single family residence or a duplex on each of the proposed lots.

On June 21, 1990, the subdivision review committee met and approved the application conditioned on the Sparkses' dedicating strips of real property for future widening of existing roads which border the proposed plats. Specifically, the committee required (1) a 10-foot right of way dedication on the easterly portion of plat 2 adjacent to Empire Avenue N.W.; (2) a 10-foot right of way dedication on the portion of plat 3 adjacent to Empire Avenue N.W. and a 5-foot dedication along the northerly edge abutting 29th Street; (3) a 25-foot dedication along the easterly edge of plat 4 abutting Fir Street N.W.; and (4) a 25-foot dedication along both Fir Street N.W. and 32nd Street N.W. for plat 5.

The Sparkses appealed to the Douglas County Regional Planning Commission, which upheld the committee as to short plats 2 and 3. The Planning Commission reversed the committee's approval of plats 4 and 5, finding that even with

the required right of way dedications, the proposals did not comply with the road requirements of the Uniform Fire Code.

The Sparkses appealed to the Board of County Commissioners. After a hearing (in April 1991) and reviewing the records of the committee and the Planning Commission, the Commissioners reversed the Planning Commission as to plats 4 and 5 and approved all the short plats subject to the same conditions imposed by the review committee.

The Sparkses then filed a petition for writ of certiorari in the superior court. The court found that all of the streets bordering the short plats currently are deficient and do not meet the design standards as set forth in Douglas County Code 17.20.060.[1] Further, the unrefuted evidence is that 152 to 304 ADT's (average daily trips) will be generated by the 16 family homes or 32 duplexes permitted by the zoning code for the number of lots proposed by the Sparkses. The court compared the projected ADT's with current traffic counts on the roads in question and found that the developments will approximately double the traffic in the area. Based upon the above findings, the court upheld the County's dedication requirements.

The sole issue on appeal is whether the County's conditional approval amounts to an unconstitutional taking of the Sparkses' property. RCW 58.17.180.[2]

---

[1]Douglas County Code 17.20.060 established the standards for widths for streets and sidewalks within short plats and subdivisions:
Arterial street — Minimum width is 60 to 80 feet with 4-foot sidewalks
Secondary arterial — 60 feet of right-of-way with 4-foot sidewalks
Local streets — 50 feet of right-of-way with 4-foot sidewalks
The Douglas County Comprehensive Plan provides that Empire Street is a collector arterial, and 32nd Street and Fir Street are local streets.

The record indicates the existing right of way widths for the roads in question are as follows: Empire Avenue N.W. — 45 feet; 29th Street N.W. — 45 feet; Fir Street N.W. — 25 feet; and 32nd Street N.W. — 15 feet.

[2]RCW 58.17.180 provides:
"**Review of decision.** Any decision approving or disapproving any plat shall be reviewable for *unlawful, arbitrary, capricious or corrupt action* or nonaction by writ of review before the superior court of the county in which such matter is pending." (Italics ours.)

■ Permanent physical invasions of property, such as the proposed dedications here, are usually considered takings. *See, e.g., Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 426, 73 L. Ed. 2d 868, 102 S. Ct. 3164 (1982). However, permission to develop land may be conditioned on the owner's agreement to dedicate a portion of his property to public use if the regulatory exaction reasonably prevents or compensates for, in a specific and proportional fashion, adverse public impacts *of the proposed development. See Presbytery of Seattle v. King Cy.*, 114 Wn.2d 320, 336 n.30, 787 P.2d 907 (citing Settle, *Regulatory Taking Doctrine in Washington: Now You See It, Now You Don't*, 12 U. Puget Sound L. Rev. 339, 356, 380 n.243 (1988-1989)), *cert. denied*, 498 U.S. 911 (1990). *See also Nollan v. California Coastal Comm'n*, 483 U.S. 825, 836-37, 97 L. Ed. 2d 677, 107 S. Ct. 3141 (1987).

The court in *Unlimited v. Kitsap Cy.*, 50 Wn. App. 723, 750 P.2d 651, *review denied*, 111 Wn.2d 1008 (1988) judged adverse impact by whether the development made the exaction "necessary". There, the County conditioned its approval of a developer's planned unit development upon the developer dedicating a strip of property for future extension of an existing road. The court reversed, holding:

> There is nothing in the record before us to show that Unlimited's development will make extension of Randall Way *necessary*. To the contrary, the record discloses that the County has no immediate plans for an extension. Rather, it intends to hold the exacted property until some undefined future time when Randall Way can be extended to connect with other, as yet unbuilt, roads.

(Italics ours.) *Unlimited,* at 728.

The record here does not show an adverse impact, *i.e.*, that the Sparkses' developments necessitate widening the roads in question. Douglas County has no immediate plans for improvements to the roads, with the exception of Empire Avenue N.W. which is included in the County Six Year Transportation Improvement Program. And even with respect to Empire Avenue N.W. and the other roads, the evidence establishes that the homes in the plats will, *at the most*, add only 25 vehicles

per hour[3] to existing traffic. There is no direct evidence these already deficient roads will be less safe after the addition of 25 cars per hour. And 25 is not a number of sufficient magnitude to support, by itself, a reasonable inference that the developments will decrease the roads' safety.[4] Absent evidence or reasonable inferences therefrom which show the developments will have an *adverse* impact on the roads, the County's conditions for plat approval are arbitrary and capricious and constitute a taking.

Reversed.

MUNSON, J., concurs.

SWEENEY, J. (dissenting) — The majority holds that the decision of the Douglas County Board of County Commissioners to uphold conditional approval of Herschel and Elizabeth Sparks' short plat application was arbitrary and capricious. I respectfully dissent.

The Sparkses assert that the County's application of Douglas County Code 17.20.060, requiring the dedication of land from these parcels for future road improvements, constitutes an uncompensated taking in violation of article 1, section 16 of the Washington Constitution and the fifth amendment to the United States Constitution.

The Washington Legislature has mandated that counties shall not approve subdivision development unless appropriate provisions are made for public health, safety and general welfare as well as for streets and other public ways. RCW 58.17.110. To that end, "[d]edication of land to any public

---

[3]Three hundred four ADT's per day divided by 12 hours is 25; divided by 24 hours, it is 12 to 13.

[4]These numbers do not compare to the 360 percent increase in road usage resulting from the proposed development in *Miller v. Port Angeles*, 38 Wn. App. 904, 691 P.2d 229 (1984), *review denied*, 103 Wn.2d 1024 (1985), which the County cites.

body, may be required as a condition of subdivision approval . . .". Former RCW 58.17.110.

Permanent physical invasions of private lands are generally held to be takings. *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 426, 73 L. Ed. 2d 868, 102 S. Ct. 3164 (1982). However, subdivision approval conditioned upon dedication of private property rights for public use is permissible if the subdivision is expected to have an adverse impact on the public interest and the condition is calculated to specifically and proportionately compensate for this adverse public impact. *Presbytery of Seattle v. King Cy.*, 114 Wn.2d 320, 336 n.30, 787 P.2d 907, *cert. denied*, 498 U.S. 911 (1990); *Nollan v. California Coastal Comm'n*, 483 U.S. 825, 836-37, 97 L. Ed. 2d 677, 107 S. Ct. 3141 (1987). The trial court found that the record contained evidence to support the County's determination of adverse impact.

We review to determine whether the County's action is unlawful, arbitrary, capricious or corrupt. RCW 58.17.180. Arbitrary and capricious action is

> willful and unreasoning action, without consideration and in disregard of facts and circumstances. Where there is room for two opinions, action is not arbitrary and capricious even though one may believe an erroneous conclusion has been reached.

*Kenart & Assocs. v. Skagit Cy.*, 37 Wn. App. 295, 299, 680 P.2d 439 (quoting *State v. Rowe*, 93 Wn.2d 277, 284, 609 P.2d 1348 (1980)), *review denied*, 101 Wn.2d 1021 (1984).

Our review is limited to a determination of whether the facts and circumstances in this record were either disregarded or not considered by the trial court and by the Board of County Commissioners when it authorized the plat subject to the dedication. *Lechelt v. Seattle*, 32 Wn. App. 831, 835, 650 P.2d 240 (1982), *review denied*, 99 Wn.2d 1005 (1983); *Kenart,* at 298-99.

"Findings of fact supported by substantial evidence are verities on appeal." *Cowiche Canyon Conservancy v. Bosley,* 118 Wn.2d 801, 819, 828 P.2d 549 (1992). Substantial evidence is that quantum of evidence sufficient to persuade a

fair-minded person of the truth of the declared premise. *Robinson v. Safeway Stores, Inc.*, 113 Wn.2d 154, 157, 776 P.2d 676 (1989).

Most of the facts considered by the county commissioners and the trial court were uncontested, including the County's statistics for current and projected road use, current road widths, and required road standards. The County estimated current road use on Empire Avenue N.W. as approximately 220 vehicle trips a day. The Superior Court used the County's statistics in finding of fact 2.14:

> [T]he four proposed short plats will result in either 16 single family residences or 32 duplexes . . . each residence generates on an average of 9.5 ADT's [average daily trips] per day which mathematically computes . . . at a minimum of 152 ADT to a possible maximum of 304 ADT's. The County performed traffic counts on each of the access streets. Comparing these traffic counts with the projected ADT's resulting from the short plats reveals that the developments will approximately double the traffic in the area.

The Sparkses presented evidence that even a 100 percent increase in road use would not significantly impact the current roads; however, the court found that the Sparkses had failed to show the Board's action was willful, unreasonable and without consideration of or in disregard of the facts and circumstances.[5] That decision is supported by substantial evidence.

We should not substitute our findings for those of the trial court. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 575, 343 P.2d 183 (1959); *see also Valley View Indus. Park v. Redmond*, 107 Wn.2d 621, 630, 733 P.2d 182 (1987); *Whitworth Water Dist. 2 v. Spokane*, 15 Wn. App. 634, 636, 550

---

[5]The majority states that the County must have "immediate" plans for road improvement to justify a dedication of the right of way lands. Majority, at 58-59. *Unlimited v. Kitsap Cy.*, 50 Wn. App. 723, 728, 750 P.2d 651, *review denied*, 111 Wn.2d 1008 (1988). The dedication condition in *Unlimited*, however, failed to satisfy a clear requirement for conditional plat approval: the right of way was not needed to compensate for an adverse public impact. In fact, the County in *Unlimited* simply wanted "to hold the exacted property until some undefined future time when Randall Way can be extended to connect with other, as yet unbuilt, roads." *Unlimited*, at 728. The "immediate use" language of *Unlimited* should be limited to the facts in that case.

P.2d 1181 (1976). "Where there is room for two opinions, an action taken after due consideration is not arbitrary and capricious even though a reviewing court may believe it to be erroneous." *Abbenhaus v. Yakima*, 89 Wn.2d 855, 858-59, 576 P.2d 888 (1978). The finding of the trial court that the action of the County is not arbitrary or capricious is amply supported by the evidence.

Review granted at 124 Wn.2d 1017 (1994).