# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| CITY OF WOODINVILLE, a municipal corporation of the State of Washington, | ) ) ) | No. 72417-7-I |
| Respondent, | ) ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| THE FOWLER PARTNERSHIP, a Washington general partnership, | ) ) ) | |
| Appellant. | ) ) ) | FILED: August 24, 2015 |

APPELWICK, J. — Fowler appeals the trial court's order granting Woodinville's motion for summary judgment. The order entitled Woodinville to a deed for 50 feet of property without compensation. Fowler argues that its predecessor's Covenant to deed the property on demand is not enforceable and that Woodinville has not already acquired the property through a valid permit condition, common law dedication, or adverse possession. We affirm.

## FACTS

Early in 1985, Wood Associates submitted an application to King County for a permit to develop its property into commercial buildings. Wood Associates also filed a lot line adjustment application with King County in order to revise the property's internal lot boundary lines. On March 22, 1985 King County approved the lot line adjustment subject

to Wood Associates dedicating the south 50 feet of the property to King County for public road purposes. The approval required Wood Associates to provide a copy of a recorded deed to satisfy the condition.

In April 1985, King County reviewed a site plan for the property. The site plan included a handwritten notation stating, "50 [feet] to be dedicated upon demand by King Co. per zoning requirement."

On May 21, 1985, a document executed by Wood Associates, entitled "Covenants, Conditions and Restrictions Running with the Land," (Covenant) was recorded in King County. Later the same day, King County revised the lot line adjustment approval by striking through the condition requiring a deed dedicating the property immediately. Interlineated was a notation that read, "Covenant recorded under AF #850521 0708 which reserves south 50 ft[.] for future public road, no dedication required at this time." The lot line adjustment application approval with the revision was recorded on August 12, 1985.

In 1986, Woodinville City Center was built on the property. Fowler acquired title to the property at issue via statutory warranty deed in 1991. In 1993, the City of Woodinville incorporated. The property, previously located within unincorporated King County, then fell within Woodinville city limits. King County did not request a dedication deed of the property prior to Woodinville's incorporation.

Years later, on May 7, 2013, Woodinville entered into a development agreement with Woodin Creek Village Associates to build several hundred units of residential housing, retail space, and amenities on the property immediately to the south of Woodinville City Center. A full street improvement was needed with the development of

2

the Woodin Creek Village property. Consequently, in early 2014, Woodinville contacted Fowler and informed it that it now required a dedication of the property for a public road.

On March 25, 2014 Woodinville sent Fowler a letter with a dedication deed for signature. Fowler refused to deed the property without compensation. After Fowler refused to sign the deed, Woodinville filed an action for declaratory and injunctive relief on April 22, 2014. Woodinville argued it was entitled to a declaration that the dedication required under the Covenant is not a taking. Fowler responded and counterclaimed arguing that requiring dedication of the deed without compensation is a taking, because there was no adverse public impact of the lot line adjustment necessitating the dedication of the property to King County as required by the Covenant.

On June 30, 2014, Fowler moved for summary judgment. It requested relief in the form of dismissal of Woodinville's claim that it is entitled to the property without compensation and a declaration that the demand for the deed without compensation is an unconstitutional taking. Fowler argued that the Covenant does not run with the land, that the Covenant does not say that the deed would be extracted without compensation, and that its takings argument is not barred by the statute of limitations.

On July 3, 2014, Woodinville also filed a motion for summary judgment requesting the relief it sought in its initial complaint. Specifically, it argued that as a matter of law, the recorded Covenant requiring the dedication was enforceable, that Fowler was time-barred from challenging the validity of the conditional approval of the lot line adjustment imposed by King County, and that its enforcement of the Covenant given in consideration for the lot line adjustment is not a compensable taking.

The trial court granted Woodinville's motion for summary judgment and denied Fowler's motion for summary judgment. Fowler appeals the trial court's order granting Woodinville's motion for summary judgment.

## STANDARD OF REVIEW

This court reviews summary judgment orders de novo. Hadley v. Maxwell, 144 Wn.2d 306, 310-11, 27 P.3d 600 (2001). Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Peterson v. Groves, 111 Wn. App. 306, 310, 44 P.3d 894 (2002). When considering the evidence, the court draws reasonable inferences in the light most favorable to the nonmoving party. Schaaf v. Highfield, 127 Wn.2d 17, 21, 896 P.2d 665 (1995).

## DISCUSSION

Whether Woodinville must compensate Fowler for a deed to the 50 feet of property turns on the legal effect of the Covenant.[1] The Covenant was executed and acknowledged weeks before Wood Associates applied for permits for its development. King County placed an explicit condition on the approval of the lot line adjustment: delivery of an acceptable deed dedicating the south 50 feet of the property to the county. Two months later, Wood Associates recorded the Covenant. The same day, King County removed the condition of delivery of a deed immediately dedicating the property and interlineated on the amended lot line adjustment approval a notation that read "covenant recorded under AF #850521 0708 which reserves south 50 ft[.] for future public road, no

---

[1] Fowler appears to concede that Woodinville is entitled to the deed to the property as long as it is compensated.

4

dedication required at this time." We conclude that King County accepted the Covenant, in lieu of an immediate deed, as a condition of the amended lot line adjustment approval.

The opening text of the Covenant identifies the owners and the property it was developing, and then provides that the county may develop and/or construct a roadway to be denominated NE 173rd Street, adjacent to and running along the southerly boundary of lots A, B, and C. It also provides that the development may be initiated by the formation of a County Road Improvement District (CRID). The first numbered paragraph of the Covenant requires the property owner to participate in and not oppose or protest the formation of a CRID or any road improvement project sanctioned by King County. The second paragraph states that the property owner will maintain a 50 foot setback along the southern border of its property in accordance with King County's zoning and setback regulations. That same provision granted the property owner permission to develop the 50 foot strip for a street or make landscape and drainage improvements. The third paragraph states in part, "Owner will deed the south 50 - feet of Lots A, B and C to King County for Public Road purposes when sanctioned by King County." The concluding paragraph notes that the "[t]iming of the formation of any such CRID or other road improvement project and the dedication of the south 50 - feet of Lots A, B, and C shall be determined by King County." It also specifies the minimum standard for any improvements and an option for property owners to require a higher standard.

The provisions for the formation of a CRID and the references to construction standards are of little interest here. Stripped of them, the Covenant states the following: (1) Owner will deed the south 50 feet of Lots A, B, and C to King County; (2) King County may construct NE 173rd Street over the south 50 feet; (3) timing of the construction and

5

delivery of the deed shall be determined by King County; and (4) in the meantime, the owner will maintain a 50 foot setback, but may develop that 50 foot strip for street, landscape, and drainage improvement in accordance with an approved county plan. These provisions became conditions of the amended lot line adjustment approval.

Fowler contends there was an insufficient nexus between the Wood Associates' lot line adjustment request and King County's extraction of the right of way in the Covenant. It contends that the required dedication in the Covenant was an improper condition placed upon the property, because there was no evidence that the lot line adjustment would have adverse public impacts. Fowler argues that the required dedication of the property under the Covenant would have constituted an unconstitutional taking if King County had attempted to enforce the Covenant without paying compensation.

The federal and Washington state constitutions provide that private property may not be taken for public use without just compensation. Sparks v. Douglas County, 127 Wn.2d 901, 907, 904 P.2d 738 (1995). Where the government physically appropriates a portion of a person's private property, such as through an easement or right of way, a taking has occurred which requires compensation. Id. This rule does not necessarily apply, however, where conveyance of a property right is required as a condition for issuance of a land permit. Id. As a prerequisite for development permission, a regulation may require a landowner to dedicate property rights for public use if the regulatory exaction is reasonably calculated to prevent, or compensate for, adverse public impacts of the proposed development. Id.

Woodinville argues that the conditions on the amended lot line adjustment approval were reasonably related to the impacts of development, were authorized under the King County zoning code, and did not amount to a taking. The lot line adjustment approval required the dedication, but makes no reference to the zoning code. The site plan for the development contained a notation that the dedication was required per the zoning code. The applicable code provisions however are not in the trial court record. Nor does the record document the impacts of the lot line adjustment (or other aspects of the development) which would justify such conditions under the zoning code. The record is insufficient to sustain Woodinville's position.

If the nexus was insufficient between Wood Associates' lot line adjustment request and the required dedication in the Covenant, Fowler argues that imposing the Covenant conditions without compensation is an unconstitutional taking.[2] See id. Even if the nexus is sufficient, Fowler also argues that the Covenant does not say that Wood Associates would deed the property to King County without compensation. It notes that the Covenant referenced chapter 36.88 RCW which authorizes the formation of a CRID. That statute authorizes the county to acquire a necessary right of way by gift, purchase, or by condemnation. RCW 36.88.310. Fowler argues that two out of three alternatives, i.e., purchase and condemnation, explicitly require payment of compensation. And, Fowler cites to Lappin v. Lucurell, 13 Wn. App. 277, 534 P.2d 1038 (1975), for the assertion that a gift ordinarily will not be presumed.

_____

[2] If the dedication of the property required by the Covenant was reasonably calculated to prevent, or compensate for, adverse public impacts of the lot line adjustment approval, then the requirement for the dedication in the Covenant without compensation would not have been an unconstitutional taking. And, King County would have been entitled to the property upon demand.

This argument lacks merit. King County did not need to invoke chapter 36.88 RCW to acquire the property. The Covenant provided explicitly for the deed. The Covenant was not short on details and provided for contingencies—alternative methods of proceeding with the project and alternative development standards. Notably, the Covenant does not mention eminent domain. It is silent about either a value for the property, a method to determine the value for the property, or conditioning the deed on tender of payment. Any ambiguities in the drafting would be construed against the party drafting it. Riss v. Angel, 80 Wn. App. 553, 557, 912 P.2d 1028 (1996), aff'd, 131 Wn.2d 612, 934 P.2d 669 (1997). Nothing in the record suggests that King County drafted the Covenant. We conclude that the Covenant language did not require King County to compensate Wood Associates for the dedication of the 50 foot right of way for NE 173rd Street.

Because we conclude the Covenant does not provide for compensation, we now address Fowler's claim of an unconstitutional taking. Fowler contends an unconstitutional taking is ripe for judicial review only "after there has been a final local decision" and that King County never made a "final decision," because it did not demand the deed. Therefore, it contends that Wood Associates could not have challenged the conditioning of the lot line approval on the Covenant. Fowler argues the challenge became ripe only when Woodinville demanded that it provide the deed.[3] Fowler relies on Saddle Mountain

---

[3] Even if the taking challenge was not ripe until Woodinville demanded the deed, Fowler nonetheless lacks standing to challenge the taking now, because of the subsequent purchaser rule. Where property is taken under the exercise of the power of eminent domain, the owner at the time of the taking or injury is the proper person to initiate the proceeding or sue. Hoover v. Pierce County, 79 Wn. App. 427, 433, 903 P.2d 464 (1995). Because the right to damages for an injury to property is a personal right

Minerals v. Joshi, 152 Wn.2d 242, 252, 95 P.3d 1236 (2004) for this assertion. But, its reliance is misplaced. In Saddle Mountain the court considered a regulatory taking and opined that before a property owner can raise a takings claim, the government entity charged with implementing the regulation must reach a final decision regarding the application of the regulations to the property at issue. Id.

Here, there is no question that a final decision was made when the amended lot line adjustment was granted. The uncompensated conditions were imposed at that time. It was recorded as notice in the land title records. If the conditions were not reasonably related to the impacts under zoning regulations, the "taking"—the obligation to provide the dedication deed on demand—occurred when the amended lot line adjustment became final. At that point the county had only to provide notice to receive the deed. The question was only when the deed would be officially "sanctioned" as provided in the Covenant. The Covenant was a condition to a final land use decision that was made in 1985. Therefore, Fowler's argument that Wood Associates could not challenge the condition until the deed was demanded lacks merit.

The time period for filing a writ of review to challenge a land use decision is limited to 30 days from the time a final local governmental land use decision is issued. Brutsche v. City of Kent, 78 Wn. App. 370, 380, 898 P.2d 319 (1995). Wood Associates did not challenge the Covenant as an unconstitutional condition placed upon the lot line adjustment approval within 30 days of it becoming a final decision.[4] Brutsche compels

---

belonging to the property owner, the right does not pass to a subsequent purchaser unless expressly conveyed. Id. at 433-34.

[4] It is worth noting that although Brutsche was decided in 1995—well after the lot line adjustment was approved—the law at the time of the amended lot line adjustment approval was similar. Cathcart-Maltby-Clearview Cmty. Council v. Snohomish County,

the conclusion that Fowler's challenge to the enforceability of the Covenant as between King County and Wood Associates is time barred.

Fowler further argues that laches bars the city's claim because no party sought to enforce any alleged rights under the Covenant for 29 years and that the Covenant has expired. Laches is an equitable principle that relates to neglect for an unreasonable length of time, under circumstances permitting diligence, to do what in law should have been done. Arnold v. Melani, 75 Wn.2d 143, 147, 449 P.2d 800 (1968). More than a lapse of time must be demonstrated in order for a laches defense to succeed. Id. at 148. The Covenant clearly contemplated a delay in construction of the street. It specifically authorized King County to dictate timing. Fowler and its predecessors had the benefit of the permits issued with the Covenant conditions. They developed and used the 50 feet that were subject to the dedication, as provided in the Covenant. The conditions were filed in the public records, not hidden from the parties. Whether Woodinville was unaware of its legal interest for years, is not a basis to apply laches here. Whether Fowler paid too much for the property because it did not understand the dedication is not a basis to apply laches. Whether Fowler paid property taxes on the 50 feet when it should not have had to do so, is not a basis to apply laches here. The record does not demonstrate that the delay in requesting the delivery of the deed caused a change of position that would make enforcement of the Covenant inequitable.

---

96 Wn.2d 201, 205-06, 634 P.2d 853 (1981). Absent a controlling statute or ordinance, a writ of review had to be filed "within a reasonable period after the rezone decision." Id. In Cathcart, the court held that because a writ was filed within 30 days of the county's decision, it was timely. Id. at 206.

Because Fowler's challenge is barred as untimely, we need not consider whether the Covenant as a contract is enforceable[5] or whether Woodinville acquired the property via common law dedication or adverse possession. King County's interest in NE 173rd Street reverted to Woodinville by virtue of RCW 35.02.180 upon incorporation. Woodinville is entitled to the transfer of the deed as a mere formality. Because we conclude that Woodinville's request now for the dedication deed does not constitute a taking, Fowler is not entitled to a judgment for the market value of the property nor is it entitled to attorney fees for a condemnation pursuant to RCW 8.25.070.

We affirm.

WE CONCUR:

---

[5] Fowler emphasizes that Woodinville had no rights to the property under the Covenant, because the Covenant was revoked by law when King County failed to accept the dedication. But, acceptance was not dependent upon demanding or receiving the deed. Acceptance was completed when King County struck the original condition on the lot line adjustment approval and substituted the Covenant conditions in the amended lot line adjustment approval.