[No. 44339.   En Banc.   March 30, 1978.]

JAMES I. ABBENHAUS, ET AL, *Appellants,* v. THE CITY OF YAKIMA, *Respondent.*

*George F. Velikanje* and *Velikanje, Moore & Shore*, for appellants.

*Fred H. Andrews*, for respondent.

UTTER, J.—James and Nancy Abbenhaus appeal from the dismissal of their action to mandate a special assessment on their property by the City of Yakima. They raise three issues: (1) Does a landowner questioning the propriety of a local improvement district assessment have the right to a trial de novo on appeal to the superior court? (2) Was the City's assessment either arbitrary and capricious or computed on a fundamentally wrong basis? (3) Should the action of the city council be invalidated for lack of a verbatim transcript of the proceedings before the council? We find the trial court acted properly in affirming the validity of the action of the City.

A local improvement district (LID) was established by the City to provide for installation of sewers. Assessment of the property within the district was on two grounds: (1) a flat $500 fee per parcel, and (2) an additional assessment based on square footage of the parcel. Appellants' parcel was significantly larger than the surrounding ones and consisted of four lots. Their total assessment was $3,541.70 while most assessments within the district ranged from

$1,100 to $1,300. Pursuant to statute appellants filed notice of protest and appeared before the city council to object to the assessment. The appellants argued, in general terms, that the assessment was unfair and unreasonable, citing the fact that they did not intend to sell any of the listed four lots other than as a single unit. They indicated they would take any action required by the City to demonstrate their good faith in maintaining that all four lots were only a single family residence. Based upon these assurances appellants argued that the method of assessment does not fairly reflect the benefit received by appellants resulting from improvements to be constructed under the LID.

The council, after hearing appellants' objections, confirmed the assessment roll and a notice of appeal was filed in superior court. At the commencement of a nonjury trial, the City moved to dismiss appellants' case. The court took this motion under advisement and then heard all of appellants' testimony, treating it as an offer of proof. At the close of the testimony, the court granted respondent's motion.

# I

Appellants claim they are entitled to a trial de novo of the issues heard before the city council. Prior to 1957, the controlling statute on this issue, RCW 35.44.250, read in part:

> The judgment of the court shall confirm, correct, modify or annul the assessment in so far as the same affects the property of the appellant.

Laws of 1911, ch. 98, § 22, p. 455.

In 1957, a clause was inserted between the words "confirm" and "correct" which changed the statute to read:

> The judgment of the court shall confirm, (unless the court shall find from the evidence that such assessment is founded upon a fundamentally wrong basis and/or the decision of the council or other legislative body thereon was arbitrary or capricious; in which event the judgment of the court shall) correct, (change,) modify or annul the

assessment insofar as it affects the property of the appellant.

(Parentheses ours.)

The statute was amended shortly after our decision in *In re Schmitz,* 44 Wn.2d 429, 268 P.2d 436 (1954), in which we reviewed the trial court's evidence in detail and overturned the assessment approved therein by the municipality based upon our view of the merits. While there is no helpful legislative history available, the revision was viewed by commentators as an attempt to "take some of the 'sting' out of the result reached in *In re Schmitz* by requiring the court, in any appeal taken from the action of the city . . . council in confirming the assessment roll, to uphold such council's action . . ." unless the assessments are founded on a fundamentally wrong basis or are the result of arbitrary and capricious action. Gay, *Local Government Law, Washington Legislation—1957,* 32 Wash. L. Rev. 196, 199 (1957). *See also* Trautman, *Assessments in Washington,* 40 Wash. L. Rev. 100, 128–30 (1965).

This interpretation of legislative intent appears to be clearly correct. However, the more difficult issue concerns precisely how the legislature desired the courts to carry out that intent. Two questions are involved: the *standard* of judicial review, and the *scope* of that review.

Although this court has not considered the effect of the 1957 amendment upon the standard and scope of review prior to this case, the Court of Appeals did so in *Cammack v. Port Angeles,* 15 Wn. App. 188, 548 P.2d 571 (1976), a case decided between the time of appellants' protest to the city council and the date of their appeal to the superior court. In considering the instant case, we necessarily evaluate the *Cammack* decision.

■ The standard of review applicable is apparent. "Arbitrary and capricious" has a well-established meaning in this state. It refers to willful and unreasoning action, taken without regard to or consideration of the facts and circumstances surrounding the action. Where there is room for two opinions, an action taken after due consideration is

not arbitrary and capricious even though a reviewing court may believe it to be erroneous. *State ex rel. Hood v. State Personnel Bd.,* 82 Wn.2d 396, 511 P.2d 52 (1973); *Anderson v. Island County,* 81 Wn.2d 312, 501 P.2d 594 (1972); *Buell v. Bremerton,* 80 Wn.2d 518, 495 P.2d 1358 (1972); *DuPont–Fort Lewis School Dist. 7 v. Bruno,* 79 Wn.2d 736, 489 P.2d 171 (1971); *Farrell v. Seattle,* 75 Wn.2d 540, 452 P.2d 965 (1969); *Lillions v. Gibbs,* 47 Wn.2d 629, 289 P.2d 203 (1955). "Fundamentally wrong basis" is less well defined. The Court of Appeals in *Cammack,* at page 196, held that it "refers to some error in the method of assessment or in the procedures used by the municipality, the nature of which is so fundamental as to necessitate a nullification of the entire LID, as opposed to a modification of the assessment as to particular property." We agree with this definition and adopt it. Before a superior court alters or nullifies any portion of an assessment under the "fundamentally wrong basis" standard, the assessment must meet this definition, although we emphasize that the statute provides that where such fundamental error exists the court is limited to nullification or modification only of those parcel assessments before it.

The scope of judicial review must still be determined. Both the "fundamentally wrong basis" and "arbitrary and capricious" standards involve review of the action taken by the municipality rather than an independent decision regarding the most desirable method of assessment. Thus, the superior court should be considering the material presented to the city council and determining whether it adequately supports the action of the municipality. The superior court can perform this function properly and completely upon the basis of the record before the municipality. Review, therefore, is limited to the record of the proceedings before the municipality.

This result most effectively carries out the legislative intent in limiting court involvement in assessment proceedings. Review under the statutory standards should not be an independent consideration of the merits of the issue but

rather a consideration and evaluation of the decision–making process. *Buell v. Bremerton, supra; Washington State Employees Ass'n v. Cleary,* 86 Wn.2d 124, 129, 542 P.2d 1249 (1975). Upon appeal only the record of the prior proceedings is considered. *Standow v. Spokane,* 88 Wn.2d 624, 637, 564 P.2d 1145 (1977). Further, this result requires complaining parties to place all relevant information and objections before the proper decision–making body, the council, prior to the municipality's decision, instead of permitting later attack in the superior court based upon information which the municipality did not have the opportunity to consider.

Appellants argue that the use of the word "evidence" in the statute, referring to what the court may consider upon review, precludes our conclusion that review is limited to the record. While the legislative intent would have been clearer and easier to divine had the term "transcript" or "evidence in the transcript" been used instead, we conclude that this term refers to the evidence contained in the transcript.

The Court of Appeals in *Cammack* held that there is one exception to the strict limitation to the record. That court held that if a complaining party has offered specific market value testimony to the municipality, then the superior court can receive similar additional information upon this issue. We find no such distinction in the applicable statute; review is limited solely to the record on this issue as well.

## II

Appellants contend that the assessment was founded upon a fundamentally wrong basis, and that the City's action in approving the assessment was arbitrary and capricious. We turn solely to the record of proceedings before the city council to determine if there is adequate support therein to validate these claims.

We begin with a presumption of the correctness of the action; the burden is upon one challenging the assessment to prove its incorrectness as it is presumed the City

has acted legally and properly. *In re Local Improvement 6097,* 52 Wn.2d 330, 324 P.2d 1078 (1958). Further, "[i]t is presumed that an improvement is a benefit; that an assessment is no greater than the benefit; that an assessment is equal or ratable to an assessment upon other property similarly situated; and that the assessment is fair." Trautman, *supra* at 118. *See also Gerlach v. Spokane,* 68 Wash. 589, 124 P. 121 (1912); *In re Seattle,* 53 Wn.2d 712, 336 P.2d 863 (1959).

There was nothing facially incorrect about the assessment. It was approved by the city council following the statutory procedures. The basis of assessment is a flat fee per parcel plus a charge on square footage of the property. Larger parcels, with potentially greater use, pay a higher assessment than do small ones.

Appellants' claims of unfairness made before the city council, without supporting evidence of appraisal values and benefits, are inadequate to overcome these presumptions of fairness and appearance of correctness. There is insufficient support in the record for us to concur in their assertions that the assessment was computed upon a fundamentally wrong basis and that the city council's action was arbitrary and capricious.

### III

■ Appellants argue the city council's action should be invalidated and the issue remanded because the City did not compile a verbatim transcript of the proceedings before the council. They argue the incompleteness and inaccuracy of the minutes of the city council meetings constituted prejudicial error. Our examination of the record fails to indicate any prejudice. Such inaccuracies as there were consisted of essentially minor and technical errors and there is no complaint leveled at any substantive aspect of the record. In addition, facilities were available, albeit of a somewhat primitive nature, to record a verbatim copy of the proceedings before the council. It does not appear that appellants requested that such a record be made nor does

counsel contend that the clerical errors made in the minutes of the proceedings either misled appellants or the trial court or that the outcome of the superior court proceeding was affected in any way by any of the claimed inaccuracies or incompleteness.

Had appellants requested a verbatim transcript of the city council hearings then it would have been incumbent upon the City to provide facilities to produce such a record. *Loveless v. Yantis,* 82 Wn.2d 754, 513 P.2d 1023 (1973).

We find no error in the action of the Superior Court and affirm the judgment of dismissal.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.