[No. 15548–2–I. Division One. June 2, 1986.]

*In the Matter of* RON INVESTMENT COMPANY, ET AL, *Appellants.*

*Maria S. Regimbal, Raymond Petersen,* and *Petersen, Lycett & Snook,* for appellants.

*Norm Maleng, Prosecuting Attorney,* and *Kay Sirlin, Deputy,* for respondent.

WILLIAMS, J.—Ron Investment Company, J & F Investments Company and First Interstate Bank of Washington appeal a superior court judgment confirming a road improvement district assessment roll, contending that the procedure at the Council's confirmation hearing was improper, the scope of the project exceeded its authorization and the assessment method was applied improperly.

In 1977 the King County Council adopted ordinance 3296, establishing Road Improvement District No. 72 for several streets adjacent to the Factoria Square Shopping Center. *See* RCW 36.88.050; RCW 36.88.060. The street improvements were to consist of "clearing, grubbing, grading, draining, ballasting, paving, street lighting, sidewalks, curbs and gutters, and such other work as may be incidental thereto," the cost of the improvements was estimated to be $579,600 and the assessments levied against property

within the district were to be calculated by the "zone and termini" method.

By 1983 the improvements were completed at a cost of $2,236,646, which included the purchase of additional property for the project, traffic signals and landscaping. On April 11, 1983 the Council held a hearing to confirm the assessment roll. *See* RCW 36.88.090 (1983). Appellants filed written objections to the assessment roll, challenging the calculation of the "zone and termini" method of assessment and the inclusion of the cost of the additional property, traffic signals and landscaping. At the hearing, appellants sought to prove their objections by examining the Department of Public Works engineer who worked on the project. The Council refused to permit this examination, but appellants' attorney did testify and present documentary evidence. Appellants also made an offer of proof that the engineer's testimony would show that the assessments on their property increased more than five times from the estimate in ordinance 3296, that the improvements did not specially benefit property within the district, that the improvements prevent vehicular access to appellants' property and that the purchase of additional property, traffic signals and landscaping was not authorized by ordinance 3296. After some discussion, the Council re–referred the matter to its Facilities and Economic Development Committee.

On April 27, 1983 the Committee held a meeting which appellants were informed would be "a continuation of the April 11 Council public hearing." Appellants' request that the Committee's proceedings be recorded was denied so no record of this meeting was made.

On June 6, 1983 the Council held another hearing on this matter. Appellants' attorney again testified and presented additional documentary evidence. The Council confirmed the assessment roll.

The following rules apply to a review of a local government's confirmation of an assessment roll:

1. The action should be upheld unless the assessments are founded on a fundamentally wrong basis or are the result of arbitrary and capricious action. RCW 36.88.100; RCW 35.44.250; *Abbenhaus v. Yakima,* 89 Wn.2d 855, 858, 576 P.2d 888 (1978).

2. The City or County is presumed to have acted legally and properly in confirming the assessment roll. *Abbenhaus,* at 860–61.

3. The improvement is presumed to be a benefit; the assessment is presumed to be no greater than the benefit; the assessment is presumed to equal or ratable to an assessment on property similarly situated; and the assessment is presumed to be fair. *Abbenhaus,* at 861.

4. Evidence of appraisal values and benefits is necessary to rebut this presumption of fairness and appearance of correctness. *Abbenhaus,* at 861.

In their notice of appeal to the superior court, appellants state their major objection to the assessment as follows:

> King County has confirmed final assessments more than five times the amount of the preliminary assessments, and proceeding arbitrarily and on a fundamentally wrong basis has constructed a project entirely out of proportion to and different from that originally perceived and ordered and has deprived appellants of their statutory and constitutional right to be heard and object to the improvement following proper notice.

The first question concerns the final assessments being more than five times the preliminary assessments. RCW 36.88.070 provides that the estimated assessments in the Council's resolution creating the district and authorizing the improvement are only estimates:

> The diagram or print herein directed to be submitted to the board shall be in the nature of a preliminary determination upon the method, and estimated amounts, of assessments to be levied upon the property specially benefited by such improvement and shall in no case be construed as being binding or conclusive as to the amount of any assessments which may ultimately be levied.

The appellants' dismay and disgruntlement about the final assessments as compared to the estimates is understandable, but at the hearing to confirm the assessment roll the issues, as seen, are whether the special benefits gained by each parcel from the project are greater than the assessment thereon and whether the assessment is just and equitable. RCW 36.88.080; RCW 36.88.090 (1983). There is no evidence in the record to overcome the presumptions of correctness stated in *Abbenhaus*.

 The next question is whether the Council should have permitted examination of the Department's engineer by the appellants. There was no showing that the engineer would testify about or would be qualified to testify about appraisal values before and after the improvements. Due process of law does not require that an interested party be given an opportunity to be heard or the right to present. testimony on irrelevant matters. 14 E. McQuillin, *Municipal Corporations* § 38.106, at 265 (3d ed. 1970). Nor did the Council's procedure violate the "appearance of fairness" doctrine.

 The next question is whether the improvements actually constructed were authorized by ordinance 3296. Although acquisition of additional property for the project, traffic signals and landscaping was not specifically mentioned in the ordinance, substantial evidence supports the Superior Court's finding that they were necessary for the project. Thus, they were "such other work as may be incidental thereto." *See* 14 E. McQuillin § 38.138, at 334.

The next question is whether the Committee's proceedings should have been recorded. Although the notice of the Committee's meeting stated that it was a continuation of the Council's public hearing, the Committee was not sitting as a "board of equalization" under RCW 36.88.090 (1983) and was not required to comply with that statute. As only four of the nine Council members were also members of the Committee, it had no authority to confirm the assessment roll. Therefore, the Committee was not required to record its proceedings.

The fifth question concerns the Council's application of the "zone and termini" method of assessment. While the "zone and termini" method described in RCW 35.44.030 and .040 must be applied to property within a local improvement district, a county council may adopt whatever method of assessment is "most practical and equitable under the conditions prevailing" for property within a road improvement district. RCW 36.88.080. The Council's choice of a "zone and termini" method different from that described in RCW 35.44.030 and .040 was well within its authority.

The sixth question is whether the assessment on tax lot 298 is void because no estimated assessment for that tax lot was included in ordinance 3296. J & F Investments, the owner of tax lot 298, owned two other tax lots within the proposed district and received notice of the hearing at which ordinance 3296 was adopted. J & F Investments also received notice of and an opportunity to be heard at the hearing to confirm the assessment roll. The requirements of due process of law were, therefore, satisfied with respect to tax lot 298, and the assessment on that parcel is valid. *Hagar v. Reclamation Dist. 108*, 111 U.S. 701, 710–11, 28 L. Ed. 569, 4 S. Ct. 663 (1884).

The judgment is affirmed.

COLEMAN, J., and REVELLE, J. Pro Tem., concur.

Reconsideration denied October 3, 1986.