[No. 14996-0-III. Division Three. March 13, 1997.]

DANIEL SNIDER, *Respondent*, v. THE BOARD OF COUNTY COMMISSIONERS OF WALLA WALLA COUNTY, *Appellant.*

372

*James L. Nagle, Prosecuting Attorney,* and *Michelle M. Mulhern, Deputy,* for appellant.

*Gregory L. Lutcher,* and *Lutcher and Lowry,* for respondent.

BROWN, J. — The Board of County Commissioners of Walla Walla County (Board) appeals the superior court's modification of a condition imposed on a developer. The modification required the Board to exercise its power of eminent domain to obtain rights-of-way over property adjoining Two Acre Lane. The Board contends that the original condition was not arbitrary and capricious and therefore should be reinstated. Further, even if the condition was arbitrary and capricious, the court did not have the authority to require the Board to exercise its power of eminent domain to condemn third-party property. Daniel Snider cross-appeals, contending that the original condition amounts to an unconstitutional taking because, without the power to obtain rights-of-way over third-party property, he has been denied the use of his property. We reverse in part and affirm in part.

## FACTS

Mr. Snider applied for a preliminary plat approval of a 21-lot subdivision known as Mountain Springs Develop-

ment. This plat was located in Walla Walla County between the Old Milton Highway and Two Acre Lane. The Board approved the preliminary plat but imposed six conditions on the development. Mr. Snider petitioned the superior court for a writ of review challenging two of the conditions. The only condition at issue on appeal, referred to as condition five, required Mr. Snider to improve Two Acre Lane from its current 12-foot width to the Board's minimum standard of 50 feet. This would require Mr. Snider to obtain rights-of-way from adjoining property owners of Two Acre Lane.

The trial court found there was sufficient evidence to support the Board's conclusion that Two Acre Lane was not adequate for the development. The trial court concluded, however, that requiring the developer to acquire rights-of-way over property owned by third parties was arbitrary and capricious. Therefore, the trial court modified this condition to provide that the developer deposit with the Board an amount to pay for the costs of the right-of-way acquisitions and improvements. This modification required the Board to exercise its eminent domain power to acquire the rights-of-way. Both the Board and Mr. Snider appeal.

## THE BOARD'S CONTENTIONS

The Board contends that the trial court erred by modifying condition five which required Mr. Snider to improve Two Acre Lane. First, the superior court should not have modified the condition because the Board did not act in an arbitrary and capricious manner when it imposed condition five as a proviso of approving the preliminary plat. Second, the trial court exceeded its authority by modifying that condition to require the Board to exercise its power of eminent domain to obtain rights-of-way over third-party property.

The original condition five provided:

Per Walla Walla County Code 16.20.040 and RCW 58.17.110

which address appropriate provision of streets, Two Acre Lane shall be improved to the minimum County standards for a public road prior to Final Plat Approval or bonded for. The cul-de-sac at the south end of Donna Way shall be eliminated.

The trial court agreed with the Board's finding that Two Acre Lane is not adequate to support the Mountain Springs Development. However, the trial court concluded that this condition was not reasonable because it required the developer to acquire rights-of-way over property owned by third parties. Accordingly, the trial court modified condition five to provide:

> The provision for acquisition of sufficient land from third parties and the cost of improvements to bring Two Acre Lane to minimum standards shall be accomplished by the plaintiff depositing with the defendant a letter of credit, cash bond, insurance bond or combination thereof acceptable to the defendant, covering the cost of the right-of-way acquisition and improvement; **PROVIDED THAT:** should the defendant not acquire said right-of-way by the 10th day of June, 1999 the letter of credit may be returned to plaintiff and this condition is thereupon removed.

This modification required the Board to exercise its power of eminent domain to acquire these rights-of-way for Mr. Snider. The Board requests that this court reverse the superior court's modification and reinstate the original condition.

## ANALYSIS OF BOARD'S CONTENTIONS

■ Arbitrary and Capricious. "A decision to grant, deny or impose conditions upon a proposed plat is administrative or quasi judicial in nature." *Miller v. City of Port Angeles*, 38 Wn. App. 904, 908, 691 P.2d 229 (1984), *review denied*, 103 Wn.2d 1024 (1985). The superior court's review of that decision is limited to the record before the commission and to a determination of "whether it satisfies constitutional requirements and is not arbitrary and capri-

cious." *Miller*, 38 Wn. App. at 908-09 (citing RCW 58.17.180 and *Lechelt v. City of Seattle*, 32 Wn. App. 831, 835, 650 P.2d 240 (1982), *review denied*, 99 Wn.2d 1005 (1983)); *Chaussee v. Snohomish County Council*, 38 Wn. App. 630, 636, 689 P.2d 1084 (1984). "Under the arbitrary and capricious standard, this court only reverses willful and unreasoning action in disregard of facts and circumstances." *Washington Waste Sys., Inc. v. Clark County*, 115 Wn.2d 74, 81, 794 P.2d 508 (1990) (citing *State v. Ford*, 110 Wn.2d 827, 830, 755 P.2d 806 (1988) and *Abbenhaus v. City of Yakima*, 89 Wn.2d 855, 858-59, 576 P.2d 888 (1978)). "Where there is room for two opinions, an action taken after due consideration is not arbitrary and capricious even though a reviewing court may believe it to be erroneous." *Abbenhaus*, 89 Wn.2d at 858-59.

Mr. Snider contends that the imposition of condition five was arbitrary and capricious because it required him to obtain property rights from those who own land adjoining Two Acre Lane. This condition imposes a requirement over which he has no control and essentially provides the adjoining landowners with the power to veto the development project. The Board, on the other hand, contends that its actions were not arbitrary and capricious because RCW 58.17.110 requires the Board to make sure that appropriate provisions have been made for the public health, safety, and welfare before approving a subdivision. One consideration is adequacy of access. The trial court agreed that Two Acre Lane was not adequate to handle traffic that would be created by the subdivision. Therefore, imposition of condition five was reasonable.

The Board asserts that this court's review is de novo. *Chaussee*, 38 Wn. App. at 636. Mr. Snider does not contest that assertion. Apparently, the parties believe that whether the Board acted in an arbitrary and capricious manner is a question of law. However, this court has not been asked to determine whether the Board acted beyond

its authority,[1] but rather whether the Board acted in disregard of the facts and circumstances. *Ford,* 110 Wn.2d at 831. This is a question of fact. Accordingly, it is not this court's function to substitute its judgment for that of the Board, nor was this the function of the superior court. *Ford,* 110 Wn.2d at 832. Rather, this court "determines whether the evidence presented adequately supports the action of the governmental body." *Nordquest/ RCA-W Bitter Lake Partnership v. City of Seattle,* 72 Wn. App. 467, 476, 865 P.2d 18 (citing *Abbenhaus,* 89 Wn.2d at 859), *review denied,* 124 Wn.2d 1021 (1994).

Overall, the evidence before the Board provided that Two Acre Lane is a minor collector due to its low traffic volumes and priority. Two Acre Lane is 12 feet wide with no improved shoulders. Even a small increase in the use of Two Acre Lane could dramatically increase the potential for conflicts between two cars encountering one another. However, the evidence also showed that the majority of the traffic generated by Mountain Springs Development would use the Old Milton Highway on the north side of the development. Two Acre Lane would be used on an infrequent basis.

The evidence before the commission adequately supports the imposition of condition five requiring Mr. Snider to improve Two Acre Lane. The Board did not willfully disregard the facts and circumstances. Accordingly, condition five was not arbitrary and capricious and the superior court erred by modifying that condition. Therefore, the original condition five should be reinstated.

■ Exercising Power of Eminent Domain. Even if the Board's action was arbitrary and capricious, the superior court does not have the power to modify the condition to require the Board to exercise its power of eminent domain

---

[1]The Board has the authority to approve or disapprove subdivision plats and impose conditions upon a proposed plat. RCW 58.17.110; *Miller,* 38 Wn. App. at 908.

to acquire rights-of-way over third-party property.[2] Mr. Snider contends that the superior court does have that power based on *Bishop v. Town of Houghton*, 69 Wn.2d 786, 420 P.2d 368 (1966) and *State ex rel. Standard Mining & Dev. Corp. v. City of Auburn*, 82 Wn.2d 321, 510 P.2d 647 (1973). Neither of these cases supports Mr. Snider's position. *Bishop* provides that a court may declare outmoded regulations arbitrary, unreasonable, and void and may direct the zoning authorities to make appropriate revisions. *Bishop*, 69 Wn.2d at 793. *Auburn* similarly allows a court to order an onerous condition modified or removed. *Auburn*, 82 Wn.2d at 332. Neither case instills the superior court with the power to modify the condition. Rather, both cases indicate that the proper action is to remand the condition to the proper administrative agency for further consideration. Accordingly, even if condition five were arbitrary and capricious, the superior court did not have the authority to modify that condition.

■■ The separation of powers between the branches of government may be the most important principle of government. *Washington State Motorcycle Dealers Ass'n v. State*, 111 Wn.2d 667, 674-75, 763 P.2d 442 (1988). The doctrine is not found in the Washington Constitution but is drawn from federal principles and is necessary for our democratic system of checks and balances. The essence of the doctrine is that the functions of each branch of government should be inviolate to prevent the accumulation of power into one branch of government and unbalancing the powers of government. *Carrick v. Locke*, 125 Wn.2d 129, 135, 882 P.2d 173 (1994). The question here, as in *Carrick*, is whether the activity of one branch of government, the judicial, threatens the independence, integrity, or prerogatives of another branch of government, the legislative.

---

[2]It may even be argued that requiring the Board to exercise its condemnation power for the private gain of Mr. Snider was improper. As was noted by the Board, neither the developer nor the court can require the Board to buy or obtain the property for the benefit of the developer. Br. of Appellant at 14-15.

 The power of eminent domain is a core function of the legislative branch of government not the judiciary. There may be overlapping responsibilities in the functions of government.[3] This does not, however, permit one branch of government to usurp, encroach upon, or impair the power of another branch. *State Bar Ass'n v. State,* 125 Wn.2d 901, 907-09, 890 P.2d 1047 (1995). The legislative power of eminent domain, in the context of this case, should remain inviolate securely within the core functions of the Board. The superior court should not have required the Board to exercise its power of eminent domain.

## MR. SNIDER'S CROSS-APPEAL

Mr. Snider contends that the Board's action of requiring him to obtain rights-of-way over third-party property as a requisite to approving his plat amounts to an unconstitutional taking. He contends this amounts to a taking because he does not have the ability to obtain property rights from third parties because he does not have the power to condemn that land. Accordingly, he argues that he has been denied the use of this land.

## ANALYSIS OF MR. SNIDER'S CROSS-APPEAL

Mr. Snider relies on two cases to support this contention: *Dolan v. City of Tigard,* 512 U.S. 374, 114 S. Ct. 2309, 129 L. Ed. 2d 304 (1994); *Sparks v. Douglas County,* 127 Wn.2d 901, 904 P.2d 738 (1995). In *Dolan,* the owner of an existing building sought to remove the building and replace it with a larger one and expand the parking lot. *Dolan,* 114 S. Ct. at 2313. The City of Tigard conditioned approval on the owner dedicating the portion of her property lying within the 100-year floodplain for improvement

---

[3]For example, in questions of eminent domain, as in other cases, the legislative branch functions to decide policy and then legislate by enacting law. The executive branch functions to execute the law as determined by the Legislature by bringing the matter to the courts. The courts administer the law by applying the law established by the Legislature to the facts presented.

of a storm drainage system and dedicating a strip of land adjacent to the floodplain as a pedestrian pathway. *Dolan*, 114 S. Ct. at 2314. After applying a two-part test, the United States Supreme Court concluded that these requirements constituted a taking. *Dolan*, 114 S. Ct. at 2322. In *Sparks*, the planning commission required the developer to dedicate sufficient rights-of-way to allow roads to be improved to meet county standards. *Sparks*, 127 Wn.2d at 904-05. Applying the *Dolan* test, the Washington Supreme Court found that the planning commission's requirements did not constitute an unconstitutional taking of property. *Sparks*, 127 Wn.2d at 917.

The facts of both *Dolan* and *Sparks* are distinguishable from this case. In both of those cases, a governmental entity required the landowner to dedicate a portion of the land to the city or county in order for the landowner to obtain approval of the planned development. On the other hand, Mr. Snider's development plan has not been conditioned upon his dedicating a portion of *his* property to the state. Rather, approval of his development has been implicitly conditioned upon his acquiring rights-of-way from third parties. In other words, the government has not physically acquired any of Mr. Snider's property. Accordingly, *Dolan* and *Sparks* are not persuasive as to whether Walla Walla County's actions constituted a taking.

Mr. Snider can show an unconstitutional taking only by "establishing that the challenged regulation destroys any fundamental attribute of ownership, including the right to possess, to exclude others, or to make economically viable use of property." *Ventures Northwest Ltd. Partnership v. State*, 81 Wn. App. 353, 363, 914 P.2d 1180 (1996). Mr. Snider contends that the condition has deprived him of the use of his property because if he cannot obtain the rights-of-way, he cannot develop the property for residential use.

Mr. Snider has the burden of showing that the challenged action proximately caused the loss of all such use.

*Ventures Northwest*, 81 Wn. App. at 366. "The mere denial of a permit for one particular use does not establish the absence of any economically viable use; a regulation that may impact the property's highest and best use is not a taking." *Ventures Northwest*, 81 Wn. App. at 366 (citing *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 384, 47 S. Ct. 114, 71 L. Ed. 303, 54 A.L.R. 1016 (1926)).

Since Mr. Snider based his entire takings argument on *Dolan* and *Sparks*, he has not alleged and therefore has not shown that, due to the Board's conditions, his property lacks any economic viability, especially since the property has been zoned Agricultural-Rural since 1967. Accordingly, Mr. Snider has not established an unconstitutional taking.

We reverse the superior court's modification of condition five requiring the Board to exercise its power of eminent domain to obtain rights-of-way over land adjoining Two Acre Lane and reinstate the original condition five requiring Mr. Snider to improve Two Acre Lane as a condition of approving the development because this condition is not an unconstitutional taking.

SWEENEY, C.J., and KURTZ, J., concur.