990 P.2d 429 (1999)
ISLA VERDE INTERNATIONAL HOLDINGS, INC., a foreign corporation and Connaught International Holdings, Inc., a foreign corporation, Respondents,
v.
CITY OF CAMAS, Washington, a municipal corporation of the State of Washington, Appellant.
No. 23225-1-II.
Court of Appeals of Washington, Division 2.
December 17, 1999.
As Clarified on Denial of Reconsideration February 11, 2000.
*431 Leanne Marie Bremer, Miller Nash Llp, Vancouver, for Respondents.
William Dale Kamerrer, Law Lyman Daniel Kamerrer, Olympia, for Appellant.
*430 SEINFELD, J.
This case involves a challenge to a city's open-space set-aside ordinance and to a city requirement that a developer construct a secondary access road as a condition of approval for its subdivision application. The superior court found that the road requirement violated due process and RCW 64.40 and that the set-aside ordinance provided for an unconstitutional taking. The City of Camas appeals.
Because there is no evidence that the set-aside ordinance is roughly proportional to the impact of the proposed development, we agree that it is constitutionally defective. But the record does indicate that legitimate fire safety concerns led to the road requirement and that the road is reasonably necessary for public safety. Further, the developer failed to show that the requirement is unduly oppressive. Thus, this requirement violates neither the constitution nor statute. Consequently, we affirm the trial court's ruling regarding the set-aside ordinance, but reverse the ruling regarding the road requirement.

FACTS
Isla Verde International Holdings, Ltd., initially proposed a 32-lot subdivision (Dove Hill) in the City and later amended its proposal to 51 lots. Sierra Lane, the only road leading into Dove Hill, enters the subdivision at its southeastern corner, snakes through the proposed lots, and terminates at the north edge of the development. According to Isla Verde's engineer, plans provide for Sierra Lane to continue northward with the future development of adjoining property.
The City Planning Commission considered Isla Verde's application at two meetings. Numerous local residents spoke in opposition to the subdivision, particularly complaining about traffic, runoff, and fire safety, pointing out that Sierra Lane often becomes impassible in winter snow and ice, thus hindering emergency vehicle access. The Fire Department also expressed concern about emergency access. Noting the City's ordinance against cul-de-sacs longer than 400 feet, the subdivision's proximity to "wild land fuels," and the steep slopes approaching the site, *432 the Fire Department asked the City to require a secondary access road for emergency purposes.
Following the second hearing, the Planning Commission approved the subdivision, subject to Isla Verde's construction of a secondary limited-access road. The Planning Commission also recommended that Isla Verde set aside 30 percent (4 acres) of the subdivision as open space, pursuant to Camas Municipal Code (CMC) § 18.62.020,[1] and pay impact fees pursuant to CMC § 3.88.070, which provides for two separate fees for: (1) park and recreational facilities; and (2) open space.
The City Council next considered the application. The Fire Department characterized access into Dove Hill as "a very bad situation" that necessitated a secondary road. Isla Verde objected to the proposed secondary road, complaining that it would be unable to obtain the necessary easements from landowners, one of whom had already stated that she would not grant an easement for such a road. As an alternative, Isla Verde proposed a "looped road system" to ease access concerns.
Isla Verde also objected to the open space set-aside requirement. It proposed a "buy down," i.e., a payment in lieu of dedication, to make up for the shortfall in open space. It also objected to the impact fee provision as a multiple exaction because the City was requiring the dedication of land to open space or a "buydown" in addition to payment of an open space fee and a parks fee.
After initially voting to deny the application because of fire safety concerns, the City reconsidered its decision and approved the subdivision application subject to the conditions recommended by the Planning Commission. But the City's written decision imposing the secondary access road and the open space requirement did not mention the impact fees.
Isla Verde petitioned the superior court for review of the City's decision under the Land Use Petition Act (LUPA), RCW 36.70C. The trial court entered an order stating in pertinent part:
1. The Court finds the City's condition of subdivision approval requiring Petitioners to obtain a property right to provide a secondary access to Petitioners' property is a violation of substantive due process under the 14th Amendment of the U.S. Constitution and is a violation of Chapter 64.40 RCW because the condition is impossible to satisfy, is unduly burdensome on the property owner, is arbitrary and capricious and because it denies Petitioner all viable, economic uses of their property. Petitioners shall be required to submit a revised plan to ensure that it complies with any applicable code provisions.
2. The Court finds that the City's condition of subdivision approval requiring Petitioners to set aside 30% of their land as open space is an unconstitutional takings under the state constitution, and a violation of § 82.02.020 RCW and Chapter *433 64.40 RCW, because the City has not made an individualized determination that this condition is necessary to mitigate an impact of this development, the condition is disproportionate to any impact caused by this subdivision and because the City has not demonstrated a need for any additional open space within the city limits, whether it is 30% of Petitioners' land or otherwise, which need arises because of this development.
3. The Court finds that the City's imposition of a parks impact fee and an open space impact fee for each lot created by Petitioners violates § 82.02[ ].020 RCW, and is a violation of substantive due process if the City's capital facilities plan in effect at the time Petitioners' land use application vested shows a surplus of parks and open space.
Clerk's Papers at 650-51.
The City moved for reconsideration and for the admission of the declaration of a city planner and city planning records. This additional evidence indicated that the set-aside ordinance was based on conclusions in a 1991 land use study that 30.5 percent of potential development area contained slopes between 15 and 45 percent and forested areas, which are most likely to contain significant wildlife habitat. The trial court refused to consider the additional evidence and denied reconsideration.

I. REVIEW UNDER LUPA
Under LUPA, the superior court may grant relief from a land use decision if the petitioning party can show, among other bases, that "[t]he land use decision violates the constitutional rights of the party seeking relief." RCW 36.70C.130(1)(f). "`A decision to grant, deny or impose conditions upon a proposed plat is administrative or quasi judicial in nature.'" Snider v. Board of County Comm'rs, 85 Wash.App. 371, 375, 932 P.2d 704 (1997) (quoting Miller v. City of Port Angeles, 38 Wash.App. 904, 908, 691 P.2d 229 (1984)). In reviewing an administrative decision, the appellate court stands in the same position as the superior court. Biermann v. City of Spokane, 90 Wash.App. 816, 821, 960 P.2d 434 (1998), review denied, 137 Wash.2d 1004, 972 P.2d 466 (1999); Wilson v. Employment Sec. Dep't, 87 Wash.App. 197, 201, 940 P.2d 269 (1997). We base our review on the administrative record. Biermann, 90 Wash.App. at 821, 960 P.2d 434; Snohomish County v. State, 69 Wash.App. 655, 664, 850 P.2d 546 (1993).
We review factual findings under the substantial evidence standard and conclusions of law de novo. Biermann, 90 Wash. App. at 821, 960 P.2d 434; Wilson, 87 Wash. App. at 201-02, 940 P.2d 269. Substantial evidence exists when the evidence in the record is of sufficient quantity to persuade a fair-minded rational person of the truth of the finding. Hilltop Terrace Homeowner's Ass'n v. Island County, 126 Wash.2d 22, 34, 891 P.2d 29 (1995).
Under the substantial evidence standard, we will not substitute our judgment for that of the factfinder. Hilltop Terrace, 126 Wash.2d at 34, 891 P.2d 29. Instead, we accept the factfinder's views regarding the credibility of witnesses and the weight accorded to reasonable but competing inferences. Hilltop Terrace, 126 Wash.2d at 34, 891 P.2d 29; State ex rel. Lige & Wm. B. Dickson Co. v. County of Pierce, 65 Wash. App. 614, 618, 829 P.2d 217 (1992).
When reviewing a superior court's LUPA decision, "[o]ur review is deferential." Schofield v. Spokane County, 96 Wash.App. 581, 586, 980 P.2d 277 (1999). "We view the evidence and any reasonable inferences in the light most favorable to the party that prevailed in the highest forum exercising fact finding authority." Schofield, 96 Wash.App. at 586-87, 980 P.2d 277 (citing Davidson v. Kitsap County, 86 Wash.App. 673, 680, 937 P.2d 1309 (1997)).

II. SECONDARY ROAD

A. Substantive Due Process
The City assigns error to the trial court's finding that the secondary road requirement violated due process. In examining this contention, we apply a balancing test, asking "`(1) whether the regulation is aimed at achieving a legitimate public purpose; (2) whether it uses means that are reasonably *434 necessary to achieve that purpose; and (3) whether it is unduly oppressive on the landowner." Sintra, Inc. v. City of Seattle, 119 Wash.2d 1, 21, 829 P.2d 765 (1992) (quoting Presbytery of Seattle v. King County, 114 Wash.2d 320, 330, 787 P.2d 907 (1990); Orion Corp. v. State, 109 Wash.2d 621, 646-47, 747 P.2d 1062 (1987); Lawton v. Steele, 152 U.S. 133, 137, 14 S.Ct. 499, 38 L.Ed. 385 (1894)).
At oral argument before this court, Isla Verde conceded that providing emergency vehicles with reliable access to the subdivision is a legitimate public purpose. And the record contains persuasive evidence that Dove Hill is located in a hazardous fire area and that Sierra Lane alone provides inadequate emergency access in the case of a wildfire or house fire.
Further, the evidence supports the finding that a secondary access road requirement is a reasonably necessary means of achieving emergency access to Dove Hill. The record also shows that Isla Verde's proposed alternative, a looped road system within the subdivision, would not enhance access to the subdivision.
In analyzing the third prong of the due process analysis, whether a regulation is "unduly oppressive," we consider (a) the nature of the harm to be avoided, (b) the availability and effectiveness of less drastic measures, and (c) the economic loss suffered by the property owner. Presbytery of Seattle, 114 Wash.2d at 331, 787 P.2d 907. Here, (a) the harm at issue is an uncontrolled fire within Dove Hill and the inability of emergency vehicles to access the subdivision; and (b) Isla Verde failed to propose any less drastic realistic alternatives. Even if we consider an alternative that is mentioned in the record to which Isla Verde did not agreea combination of sprinkler systems and fire resistant building materialsthe record contains no evidence that this would be either less expensive or equally as effective as a limited access road.
Nor has Isla Verde shown (c), great economic loss. It contends that the adjacent homeowner's refusal to grant an easement makes it impossible to construct the secondary access road. But that easement is not essential to compliance with the Planning Commission's requirement; the secondary road required by the Planning Commission could connect with a platted east-west right of way located north of Dove Hill.
Isla Verde argues in the alternative that even if it could obtain the required easement, the cost might be "extraordinary." But it failed to produce evidence as to the cost of acquiring the right of way or building the road. Nor did it show the impact the road might have on the subdivision's market value. Thus, because Isla Verde has failed to demonstrate that "the government action was arbitrary, irrational, or tainted by improper motive," the trial court erred in concluding that the secondary road requirement constituted a violation of due process. Robinson v. City of Seattle, 119 Wash.2d 34, 62, 830 P.2d 318 (1992) (citing deBotton v. Marple Township, 689 F.Supp. 477, 481 (E.D.Pa.1988)).

B. Violation of RCW 64.40
The City also claims the trial court erred in finding that the secondary access requirement violates RCW 64.40. RCW 64.40.020(1) states:
Owners of a property interest who have filed an application for a permit have an action for damages to obtain relief from acts of an agency which are arbitrary, capricious, unlawful, or exceed lawful authority, or relief from a failure to act within time limits established by law: PROVIDED, That the action is unlawful or in excess of lawful authority only if the final decision of the agency was made with knowledge of its unlawfulness or that it was in excess of lawful authority, or it should reasonably have known to have been unlawful or in excess of lawful authority.
The City, citing RCW 64.40.010(6), argues that the secondary road requirement is not an "act" that triggers liability under RCW 64.40 because the requirement was designed to prevent a threat to the health, safety, and welfare of Dove Hill residents. We agree.
RCW 64.40.010(6) provides in pertinent part:
"Act" means a final decision by an agency which places requirements, limitations, or conditions upon the use of real property in excess of those allowed by applicable *435 regulations in effect on the date an application for a permit is filed.... "Act" shall not include lawful decisions of an agency which are designed to prevent a condition which would constitute a threat to the health, safety, welfare, or morals of residents in the area.
Here, the City imposed the secondary road requirement because of concerns over Dove Hill's vulnerability in case of fire and the need to enhance access by emergency services.
Further, Isla Verde has not shown that the requirement was unlawful, exceeded lawful authority, or was arbitrary or capricious. RCW 64.40.020; see Lutheran Day Care v. Snohomish County, 119 Wash.2d 91, 112, 829 P.2d 746 (1992) (a cause of action under RCW 64.40.020(1) will lie for an arbitrary or capricious act). An action is arbitrary or capricious only if it is willful and unreasoning, "taken without regard to or consideration of the facts and circumstances surrounding the action." Kendall v. Public Hosp. Dist. No. 6, 118 Wash.2d 1, 14, 820 P.2d 497 (1991) (quoting Abbenhaus v. City of Yakima, 89 Wash.2d 855, 858, 576 P.2d 888 (1978)).
Isla Verde argues that the City acted arbitrarily and capriciously by capitulating to public criticism of Dove Hill. Maranatha Mining, Inc. v. Pierce County, 59 Wash.App. 795, 804, 801 P.2d 985 (1990) ("Community displeasure cannot be the basis of a permit denial."). But the record clearly shows that the primary reason for the road requirement was the Fire Department's concern about emergency access, supported by city codes, national and statewide fire protection standards, local practices, and consultations with other jurisdictions.
"`Where there is room for two opinions, an action taken after due consideration is not arbitrary and capricious even though a reviewing court may believe it to be erroneous.' "Kendall, 118 Wash.2d at 14, 820 P.2d 497 (quoting Abbenhaus, 89 Wash.2d at 858-59, 576 P.2d 888). The record shows a deliberate process leading to a decision based upon substantial evidence that a secondary road was necessary for the safety of Dove Hill's residents. Thus, the trial court erred in finding a violation of RCW 64.40.

III. 30 PERCENT SET-ASIDE
Isla Verde, relying on Dolan v. City of Tigard, 512 U.S. 374, 114 S.Ct. 2309, 129 L.Ed.2d 304 (1994), contends that the City's 30 percent set-aside ordinance is an unconstitutional taking because it is not roughly proportional to Dove Hill's impact upon the City's inventory of open space.[2] We agree.
The Takings Clause of the Fifth Amendment to the United States Constitution provides that private property shall not be taken for public use without just compensation. Burton v. Clark County, 91 Wash. App. 505, 514, 958 P.2d 343 (1998), review denied, 137 Wash.2d 1015, 978 P.2d 1097 (1999). The purpose of the Takings Clause is "to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." Dolan, 512 U.S. at 384, 114 S.Ct. 2309 (quoting Armstrong v. United States, 364 U.S. 40, 49, 80 S.Ct. 1563, 4 L.Ed.2d 1554 (1960)). The Takings Clause applies to the states through the Due Process Clause of the Fourteenth Amendment. Dolan, 512 U.S. at 384, 114 S.Ct. 2309; Sintra, 119 Wash.2d at 13, 829 P.2d 765.
The City argues that there could be no taking because it did not require Isla Verde to transfer its title of the set-aside land; a property owner's association would retain ownership. But alienation of title is not a necessary predicate to a taking; the essence of the harm is the government's unconstitutional interference with one's right to use and enjoy property. See, e.g., Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1030, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992) (regulation preventing construction on owner's land constituted taking); United States v. Causby, 328 U.S. 256, 261, 66 S.Ct. 1062, 90 L.Ed. 1206 (1946) (path of low flying aircraft constituted taking of airspace above owner's land); Pennsylvania Coal Co. v. Mahon, 260 U.S. 393, 414-15, 43 S.Ct. 158, 67 L.Ed. 322, 28 A.L.R. 1321 (1922) (restriction on mining activity constituted taking).
*436 Here, the set-aside ordinance requires Isla Verde to dedicate a significant portion of its property for a public benefit, wildlife preservation, thus limiting Isla Verde's right to improve that property. See Lucas, 505 U.S. at 1031, 112 S.Ct. 2886. Such a governmental interference with a fundamental property right is a form of exaction. See Dolan, 512 U.S. at 395, 114 S.Ct. 2309; see also Burton, 91 Wash.App. at 522, 958 P.2d 343 (noting that an exaction "in plain terms is just the government's proposed solution to the identified public problem").
We apply a two-part test set forth in Dolan to evaluate the constitutionality of an exaction. 512 U.S. at 386, 114 S.Ct. 2309; see Sparks v. Douglas County, 127 Wash.2d 901, 911-12, 904 P.2d 738 (1995). We first determine whether an "essential nexus" exists between the exaction and a "legitimate state interest." Dolan, 512 U.S. at 386, 114 S.Ct. 2309; Nollan v. California Coastal Comm'n, 483 U.S. 825, 837, 107 S.Ct. 3141, 97 L.Ed.2d 677 (1987). "If we find that a nexus exists, we must then decide the required degree of connection between the exactions and the projected impact of the proposed development." Dolan, 512 U.S. at 386, 114 S.Ct. 2309.
In looking for an "essential nexus," we examine the record for evidence of a reasonable relationship between the project and the identified public problem. Burton, 91 Wash. App. at 526, 958 P.2d 343. That nexus exists here.
The identified public problem is the need to preserve open space for wildlife and recreation. CMC § 18.62.020; see CMC § 18.62.020(B) (defining "open space(s)" as "areas set aside and suitable for active or passive recreation; and areas maintained in a natural state, providing habitat for wildlife, and/or containing significant trees and vegetation.") and CMC § 18.62.020(C) ("Except where developed for active recreation, open space areas are to be maintained in a natural and undisturbed state."). Because the project, the development of Dove Hill, will destroy approximately 13 acres of open space, there is a reasonable relationship between it and the public problem identified in the set-aside ordinance, concern for the preservation of open space. Burton, 91 Wash.App. at 526, 958 P.2d 343.
To satisfy Dolan's second prong, the government must show rough proportionality between the required exaction and the impact of proposed development. Dolan, 512 U.S. at 391, 114 S.Ct. 2309; Sparks, 127 Wash.2d at 912, 904 P.2d 738.[3] "No precise mathematical calculation is required, but the city must make some sort of individualized determination that the required dedication is related both in nature and extent to the impact of the proposed development." Sparks, 127 Wash.2d at 912, 904 P.2d 738. But a municipality can satisfy Dolan's "rough proportionality" requirement without undertaking an individualized determination if it can show that an ordinance adopted before the filing of a plat application imposes requirements reasonably related to the projected impact of the proposed development. Trimen Dev. Co. v. King County, 124 Wash.2d 261, 274, 877 P.2d 187 (1994).
In Trimen, a King County ordinance required a developer to dedicate recreational land or pay fees in lieu of such dedication. 124 Wash.2d at 265, 877 P.2d 187. The developer claimed the fees were a violation of RCW 82.02.020 because the County did not first identify the direct impact or result of the proposed plat.[4]Trimen, 124 Wash.2d at 273, 877 P.2d 187. But relying on a study *437 that documented future park space needs, the County showed that the proposed development created a need for an additional 2.52 acres of park land while the dedication statute required 2.096 acres for park or open space use or fees in lieu of the dedication. Trimen, 124 Wash.2d at 274, 877 P.2d 187. In upholding the ordinance, the Supreme Court reasoned that the assessed fee accurately reflected the proposed development's impact on additional park needs. Trimen, 124 Wash.2d at 274, 877 P.2d 187. Thus, there was "rough proportionality" between the fees and the impact of proposed development. Trimen, 124 Wash.2d at 274, 877 P.2d 187 (citing Dolan, 512 U.S. at 391, 114 S.Ct. 2309).
Here, the City must show a reasonable relationship between the 30 percent set-aside ordinance and Dove Hill's impact on open space. See Burton, 91 Wash.App. at 526, 958 P.2d 343 ("Does the record show a reasonable relationship between problem and solution?"). But unlike Trimen, the record here is devoid of evidence of studies or formulas showing a reasonable relationship between the impact of Dove Hill and the 30 percent set-aside requirement.
Isla Verde, citing Trimen and Henderson Homes, Inc. v. City of Bothell, 124 Wash.2d 240, 244-45, 877 P.2d 176 (1994), also claims the set-aside ordinance is an unconstitutional taking because the City enjoys a surplus of park land and open space areas. To support its claim, Isla Verde points to the City's 1994 needs analysis which showed a surplus of park and open space acreage based on an assumed 1993 population of 7,656.[5]
This argument, although potentially persuasive, is not conclusive. A current surplus in open space or park acreage does not necessarily establish that a dedication requirement is an unconstitutional taking. Rather, a proven need for additional park or open space is one factor a reviewing court considers in determining the presence of rough proportionality. See Trimen, 124 Wash.2d at 274, 877 P.2d 187.
In any event, here there is insufficient evidence that the 30 percent set-aside ordinance is roughly proportional to Dove Hill's impact on the loss of open space areas within the City. Consequently, the ordinance as applied to Dove Hill violates the Takings Clause of the Fifth Amendment. See Burton, 91 Wash.App. at 528-29, 958 P.2d 343.
Nor do we find any abuse of discretion in the trial court's denial of the City's motion for reconsideration. Essentially, the City complains that the trial court would not allow it to submit additional evidence.
We review a trial court's ruling on a CR 59 motion or a CR 60 motion under the abuse of discretion standard. In re Marriage of Dugan-Gaunt, 82 Wash.App. 16, 18, 915 P.2d 541 (1996). A trial court may vacate a judgment and grant a new trial if the aggrieved party can show its substantive rights are affected by newly discovered evidence, material to that party, which that party could not with reasonable diligence have discovered and produced at trial. CR 59(a)(4). Similarly, a party can move a trial court to vacate a judgment in light of "[n]ewly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b)." CR 60(b)(3).
Here, there were no grounds to grant the motion under either CR 59(a)(4) or CR 60(b)(3). The untimely proffered evidence came from sources under the City's control.
*438 With minimal diligence, the City could have produced the evidence during the limited pretrial discovery permitted under RCW 36.70C.120(2). Thus, there was no error.

IV. PARKS AND OPEN SPACE IMPACT FEES
The City contends that its park and open space impact fee is authorized under RCW 82.02.050 through .090. Isla Verde responds that the impact fees violate those statutory provisions because they are duplicative and unnecessary given the set-aside requirement and City's surplus of park and open space acreage.
Because the City made no formal written decision as to the impact fees, and has yet to assess any of the challenged fees against any of the Dove Hill lots, there is no land use decision to appeal under LUPA. RCW 36.70C.020. Thus, this issue is not ripe for adjudication and we decline to review it.

V. FINDINGS OF FACT
The City complains that the trial court failed to issue findings of fact but RCW 36.70C.140 does not require written findings.

VI. ATTORNEY FEES
Isla Verde, citing 42 U.S.C. §§ 1983 and 1988, and RCW 64.40.020(2), claims attorney fees pursuant to RAP 18.1. But because Isla Verde's claim under RCW 64.40 failed and Isla Verde did not invoke Section 1983 with regard to the set-aside issue, it is not entitled to fees under Section 1988. Moreover, the trial court reserved the issue of damages and attorney fees for any subsequent proceeding. Thus, we decline to award fees.
Accordingly, we reverse that part of the judgment declaring that the secondary road requirement violates the constitution and statute and affirm that part of the judgment declaring that the 30 percent set-aside ordinance, as applied here, is unconstitutional. We remand for entry of a revised judgment consistent with this opinion.
MORGAN, P.J., and HOUGHTON, J., concur.
NOTES
[1] CMC § 18.62.020 states in pertinent part:

"A. Proposals for lands within the City have [sic] a P-suffix zoning designation or being developed as a planned unit development or a subdivision or short plat shall retain a minimum of thirty (30%) percent of the site as open space.
"B. For the purpose of this section, "open space(s)" shall be defined to mean areas set aside and suitable for active or passive recreation; and areas maintained in a natural state, providing habitat for wildlife, and/or containing significant trees and vegetation. This requirement shall be in addition to any area required to be dedicated to meet standards for the provision of parks, schools, open space or other facilities; except that the City may allow up to half (50%) of the required open space to be credited toward the Open Space Network.
"C. To the extent possible, open space areas on a site should contain forested areas, significant trees, wildlife habitat for protected species, and any environmentally sensitive areas located on the site as identified on the City of Camas sensitive areas maps or as discovered in the field. Where possible, individual open space areas should be contiguous to other existing or planned open spaces so as to permit creation of a larger contiguous area or a continuous corridor. Except where developed for active recreation, open space areas are to be maintained in a natural and undisturbed state.
"D. Open space areas shall be protected and preserved through a permanent protective mechanism acceptable to the City. This may include placing the open space area in a separate tract; execution of a protective easement; or dedication to a public agency or public or private land trust. The mechanism or agreement shall provide for maintenance."
[2] The trial court's order states that the set-aside requirement violated the state constitution. But on appeal, neither side addresses the state constitution. Thus, we address only the arguments related to the United States Constitution.
[3] The City, citing City of Monterrey v. Del Monte Dunes at Monterrey, Ltd., 526 U.S. 687, ____, 119 S.Ct. 1624, 1635, 143 L.Ed.2d 882 (1999), argues that the Dolan proportionality standard does not apply here because there was no "exaction" as the United States Supreme Court uses that term"the dedication of property to public use." We disagree for the following reasons: (1) the language in Del Monte Dunes defining exactions is nonbinding dicta, see Honesty in Environmental Analysis and Legislation (HEAL) v. Central Puget Sound Growth Management Hearings Bd., 96 Wash.App. 522, 534, 979 P.2d 864 (1999) (holding that Del Monte Dunes dicta did not control applicability of Nollan/Dolan to Growth Management Act regulations); and (2) even if Del Monte Dunes did control, the evidence indicates that the set-aside requirement was an exaction under the circumstances here. The City required Isla Verde to convey ownership of the property to the subdivision homeowner's association to meet the general public's perceived need for open space. See River Birch Assoc. v. City of Raleigh, 326 N.C. 100, 388 S.E.2d 538, 543 (1990) (conveyance of open space to homeowner's association equivalent to a dedication).
[4] Dolan is applicable to RCW 82.02.020, which "permits dedications as a condition for subdivision approval if the local government can show the conditions are `reasonably necessary as a direct result of the proposed development or plat to which the dedication of land or easement is to apply.'" Sparks, 127 Wash.2d at 913, 904 P.2d 738 (quoting RCW 82.02.020).
[5] Isla Verde did not raise the excess capacity issue before the Planning Commission or the City Council and the needs analysis is not part of the administrative record. Rather, it first appeared as one of Isla Verde's exhibits at the review hearing. Because generally the reviewing court is restricted to the "record created by the quasi-judicial body or officer," Isla Verde has not shown that the court could properly consider the study. RCW 36.70C.120(1). A party may supplement the record with additional evidence only if such evidence relates to:

(a) Grounds for disqualification of a member of the body or of the officer that made the land use decision, when such grounds were unknown by the petitioner at the time the record was created;
(b) Matters that were improperly excluded from the record after being offered by a party to the quasi-judicial proceeding; or
(c) Matters that were outside the jurisdiction of the body or officer that made the land use decision.
RCW 36.70C.120(2).